```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**JERRY FLOYD INGRAM, JR.**                                    **PLAINTIFF**

v.                      Civil No.: 5:10-cv-5248

**NURSE RHONDA BRADLEY ET AL.**                               **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Now before the Court is the Complaint, filed by Mr. Ingram, the Plaintiff in this action. (Doc. 1). Mr. Ingram's Complaint was filed by utilizing a form entitled "Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Id.) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.

For the following reasons, it is the recommendation of the undersigned that the Complaint(Doc. 1), be **DISMISSED** with prejudice for failure to pay the filing fee or apply to proceed *in forma pauperis* ("IFP"), failure to prosecute this action and for failure to obey an Order of the Court.

### I.   BACKGROUND

Mr. Ingram filed this case on December 16, 2010. (Doc. 1). While Mr. Ingram utilized the form Complaint provided by the Court for filing his civil-rights case, page one and two of that form were missing. (Id.; Doc. 3). Accordingly, the District Court Clerk was directed to send Mr. Ingram a blank Section 1983 form,

and Mr. Ingram was directed to complete this form and return it to the Court by January 11, 2011. (Doc. 3.) When instituting this matter, Mr. Ingram also failed to submit a completed IFP application, as the certificate regarding funds in Mr. Ingram's inmate account was not completed. (Id.) The District Court Clerk was directed to provide a copy of Mr. Ingram's IFP application to him, and Mr. Ingram was given until January 11, 2011, to return a completed IFP application, or pay the filing fee. (Id.)

Mr. Ingram did not timely return his completed Complaint, his application to proceed IFP, or pay the filing fee in the above-styled case. On January 31, 2011, mail sent to Mr. Ingram was returned to the Court, marked "Return to Sender - No Longer at this Facility." On February 23, 2011, the Court was able to obtain a new address for Mr. Ingram, and the returned mail was resent to his new address of record. (Doc. 4). No mail was returned once it was resent to Mr. Ingram's new address.

The Court also noted that Plaintiff, although resent the Order and a blank IFP application, was not given a deadline for returning the IFP application or his completed Complaint. Accordingly, on April 26, 2011, Plaintiff was directed to return his completed Complaint and IFP application on or before May 25, 2011. Plaintiff did not return the documents, nor has he corresponded with the Court in any manner.

**II.   APPLICABLE LAW**

Dismissal of a case for failure to prosecute and failure to comply with Orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (holding a district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (holding a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (finding it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

**III.      DISCUSSION**

Mr. Ingram was given time to respond to the Court regarding the filing of his Complaint. (Doc. 3). He has failed to file a completed Complaint, failed to file an application to proceed IFP, failed to pay the filing fee, and has not communicated with the Court or pursued prosecution of this case. Since Mr. Ingram's address was updated by the Court on February 23, 2011, there has

been no returned mail or other indication that he has not had adequate warning of the consequences of his failure to pursue this action.  (<u>See</u> <u>id.</u>)(specifically stating the case was subject to dismissal if the application to proceed IFP was not returned or the filing fee not paid).  This case should be dismissed for failure to pay the filing fee or apply to proceed IFP, failure to prosecute and for failure to follow a court Order.

### IV.  CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED** with prejudice for failure to prosecute and failure to follow a court Order.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of January 2012.

                                                <u>/s/ Erin L. Setser</u>
                                                HON. ERIN L. SETSER
                                                U.S. MAGISTRATE JUDGE